UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROSALIND Y. LEININGER,

    Plaintiff,

vs.

COMMISISONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-435

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply (doc. 11), the administrative record (doc. 6),[2] and the record as a whole.

**I.**

**A.**     **Procedural History**

Plaintiff filed an application for DIB asserting disability as of October 13, 2012. PageID 232-33. Plaintiff claims disability as a result of multiple impairments including, *inter alia*, fibromyalgia, bipolar disorder and anxiety. PageID 42.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

Plaintiff originally filed an application for DIB in October 2010. ALJ Elizabeth A. Motta issued a decision on October 12, 2012 finding Plaintiff not disabled. PageID 40. However, because Plaintiff has produced new and material evidence documenting a significant change in her condition, ALJ Motta's previous RFC determination is not binding. *Id.*

In December 2012, Plaintiff filed a second, new application for DIB, again alleging disability as of October 13, 2012. *Id.* After an initial denial of her application, Plaintiff received a hearing before ALJ Gregory G. Kenyon on June 24, 2015. PageID 61-96. ALJ Kenyon (hereafter "ALJ") issued a written decision on May 28, 2015 finding Plaintiff not disabled. PageID 40-54. Specifically, the ALJ found at Step 5 that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 53.

Thereafter, the Appeals Council denied review on August 16, 2016, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 30-32. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 40-54), Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 10), and Plaintiff's reply (doc. 11). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this decision herein.

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred by: (1) improperly weighing the treating source opinions of Lara Ilyas, M.D.; Nicole Y. Turkson, M.D.[4]; and Ellen

---

[4] Although the ALJ refers to Dr. Turkson as a "treating physician," he notes that she saw Plaintiff only one time. PageID 51. It is unclear whether he analyzed her as a treating physician. *See*, *e.g.*, PageID 51.

4

W. Ballerene, M.D.[5]; (2) improperly weighing non-examining source opinions; (3) improperly assessing her Global Assessment of Functioning ("GAF") score; (4) deferring to the mental health findings of ALJ Motta; and (5) improperly assessing her credibility. Doc. 8 at PageID 788-99. Finding merit to Plaintiff's first alleged error -- specifically regarding Dr. Ilyas -- the undersigned does not address the merits of the remaining alleged errors.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion

---

[5] The ALJ's lengthy, detailed opinion -- read as a whole -- adequately sets forth good reasons as to why the opinion of Dr. Ballerene was not entitled to controlling or deferential weight. *See* PageID 51-52. Accordingly, the undersigned finds the ALJ's analysis of her opinion supported by substantial evidence. The Court makes no finding regarding the ALJ's analysis of Dr. Turkson's analysis.

with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[6]

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakley*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.*

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.* Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

---

[6] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*

# IV.

Dr. Ilyas began treating Plaintiff in September 2013 for, among other conditions, fibromyalgia and chronic pain. PageID 539-40. On April 3, 2014, Dr. Ilyas opined that Plaintiff could stand and/or walk for two hours in an eight-hour workday and for 15 minutes without interruption; could sit for six hours total in an eight-hour workday and for one hour without interruption; could lift a maximum of five pounds; was extremely limited in her ability to handle; and was markedly limited in her ability to push/pull, bend and reach. PageID 509-10. The ALJ gave Dr. Ilyas's opinion "little weight" finding:

> The level of limitation assessed by Dr. Ilyas is wholly unsupported by the record. [Plaintiff's] fibromyalgia complaints have been mild, and the x-rays of her kneews at exhibit 5F were negative. The level of treatment she has received has also been entirely conservative and does not support the level of limitation advocated by Dr. Ilyas.

PageID 51. Initially, the Court finds that the ALJ erred by failing to specifically analyze the § 404.1527(c)(2) controlling weight factors, *i.e.*, whether Dr. Ilyas's opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and whether the opinion is consistent "with the other substantial evidence in [the] case record." *LaRiccia*, 549 F. App'x at 384. Such failure constitutes reversible error, *see Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 U.S. Dist. LEXIS 115119, *1, at *14 (S.D. Ohio Aug. 19, 2014), because the lack of explanation regarding the "controlling weight [analysis] hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013) (citations omitted).

Even assuming, *arguendo*, that the ALJ conducted the controlling weight test -- which the undersigned concludes he did not -- the undersigned further finds that the ALJ gave only conclusory reasons as to the ultimate weight accorded. Specifically, while the ALJ found Dr.

7

Ilyas's opinion was "wholly unsupported by the record," the ALJ fails to cite any specific treatment note or other part of the record in support of such conclusory contention. Such omission is error and a separate, independent grounds meriting reversal. *See Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551-52 (6th Cir. 2010) (holding that "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record" in the absence of "some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion" is accorded lesser weight).

Further, contrary to the ALJ's holding, there is evidence in the record of clinical and laboratory findings that may well support Dr. Ilyas's opinions concerning Plaintiff's limitations arising from her fibromyalgia. *See* PageID 509-10. Such objective clinical examination findings include multiple points of palpable tenderness; difficulty with gait; increased pain with overuse of muscles; and diffuse musculoskeletal weakness. PageID 432, 435, 509, 529, 531, 538-39. Additionally, the medical records suggest Plaintiff's fibromyalgia pain was "uncontrolled," "worse with cold weather" and at times prevented her from getting out of bed. PageID 432-33, 436, 534, 537, 539-40, 542. Further, contrary to ALJ's statement that -- Plaintiff's fibromyalgia complaints have been "mild," *see* PageID 51 -- Plaintiff complained that her pain is consistently a nine on a ten-point scale. PageID 69, 517.

Based on all of the foregoing, the undersigned concludes that the ALJ failed to conduct a controlling weight analysis in analyzing Dr. Ilyas's opinion and also failed to give good reasons for affording that opinion little weight. Accordingly, the undersigned recommends that the Commissioner's non-disability finding be reversed.

**V.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

Following a careful review of the record, the undersigned finds that factual issues remain unresolved and that evidence of disability is not overwhelming. Accordingly, remand for further proceedings is proper.

**VI.**

**IT IS THEREFORE RECOMMENDED THAT**:

1. The ALJ's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:  January 5, 2018                    s/ Michael J. Newman
                                                          Michael J. Newman
                                                          United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).